**Royle E. STILLMAN, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 17665.**

Supreme Court of Utah.

Dec. 8, 1981.

Royle E. Stillman, pro se.

David L. Wilkinson, Atty. Gen., Floyd G. Astin, K. Allan Zabel, Sp. Asst. Attys. Gen., Salt Lake City, for defendant.

PER CURIAM:

This is appellant's claim for review of the Commission's denial of unemployment benefits on the basis that appellant, a professional baseball player, had a reasonable assurance of playing baseball in the forthcoming season.[1] The Court has not heretofore had an opportunity to review or comment upon the reasonable assurance test. However, even under this test, the findings of the Commission must be given deference unless they are arbitrary, capricious or unsubstantiated by competent evidence.

Here, it appears that appellant had played professional baseball for the last eleven years, most recently with the Ogden A's and in 1980 with the Salt Lake farm team of the California Angels pursuant to a contract with the California club. The Salt Lake season closed on August 31, 1980, and on September 7, 1980, appellant made his claim for benefits. At that time, he reported that he had prospects of reporting for spring training in the spring of 1981. On January 12, 1981, appellant received his unconditional release from California. Benefits were then allowed commencing January 11, 1981, on the basis that appellant no longer had a reasonable assurance of participating in the forthcoming season. The record discloses that until he received the letter terminating his contract, appellant was still hopeful of playing the next season and was also exploring the possibility of playing baseball in Japan. Only upon receipt of this letter, did appellant determine that his professional baseball career had ended. Accordingly, the Commission's findings, based as they are on sufficient evidence, are not to be disturbed by this Court and the Commission's decision is affirmed.

---

1.  U.C.A., 1953, 35–4–5(j) provides for the ineligibility of an individual for benefits between sport seasons if the individual has performed such sport in the immediate preceding season and has a reasonable assurance that he will participate in the immediate succeeding season.